Case No. 26-40231

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

AARON CASTILLO-RUIZ

Defendant – Appellant

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Appeal from the United States District Court
for the Southern District of Texas

---

BRIEF FOR APPELLANT

In Accordance with Anders v. California, 386 U.S. 738 (1967)
and United States v. Flores, 632 F.3d 229 (5th Cir. 2011)

---

DERLY J. URIBE
Attorney for Appellant
Saldaña Law P.L.L.C.
217 W. Village Blvd., Suite 3
Laredo, Texas 78041
Telephone: (956) 726-1631
Fax: (956) 726-4158

# CERTIFICATE OF INTERESTED PERSONS

***United States v. Aaron Castillo-Ruiz***

**No. 26-40231**

The undersigned counsel of record certifies that the persons having an interest in the outcome of this case are those listed below:

1. **Aaron Castillo-Ruiz,** Defendant-Appellant;

2. **Carmen Castillo-Mitchell,** U.S. Attorney;

3. **Kristian Dietrich Amundsen,** Assistant U.S. Attorney, who represented Plaintiff-Appellee in the district court;

4. **Douglas Allen A'hern**, Counsel who represented Defendant-Appellant in the district court;

4. **Victoria Guerra,** Counsel who represented Defendant-Appellant with his § 2255 motion in the district court; and

6. **Derly J. Uribe,** Court-Appointed Counsel who represents Defendant-Appellant in this Court.

This certificate is made so that the judges of this Court may evaluate possible disqualification or recusal.

s/Derly Joel Uribe
DERLY JOEL URIBE
*Attorney for Defendant-Appellant*

## PREAMBLE

This brief is submitted in accordance with Anders v. California, 386 U.S. 738 (1967). After a conscientious examination of the proceedings and the potential issues identified below, appointed counsel has concluded that this appeal presents no nonfrivolous issue. Counsel therefore submits this brief under Anders and the governing authorities of this court.

## STATEMENT RESPECTING ORAL ARGUMENT

Counsel for the defendant-appellant has moved to withdraw as counsel based on Anders; consequently, oral argument is not requested.

# TABLE OF CONTENTS


Page

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

PREAMBLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT RESPECTING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATUTES AND RULES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

SENTENCING GUIDELINES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . x

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUE ONE: Whether there was any reversible error in the arraignment/guilty plea proceeding leading to Mr. Castillo-Ruiz' conviction.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUE TWO: Whether there was any reversible error in Mr. Castillo-Ruiz' sentencing proceeding or in the sentence itself.. . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. Proceedings Below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

B. Statement of the Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TABLE OF CONTENTS - (Cont'd)

Page

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ISSUE ONE RESTATED: There was no reversible error in Mr. Castillo-Ruiz' plea hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

A. Standard of Review.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

B. There Was No Reversible Error in Mr. Castillo-Ruiz' Re-arraignment/Guilty Plea Colloquy. . . . . . . . . . . . . . . . . . . . . . . . . . 8

ISSUE TWO RESTATED: The district court did not reversibly err in sentencing Mr. Castillo-Ruiz. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

A. Standard of Review.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

B. There Are No Meritorious Challenges to Mr. Castillo-Ruiz' Sentence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1. The Record does not Reflect Substantive Error in the Calculation of Mr. Castillo-Ruiz' Sentence.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

2. There Was No Reversible Procedural Error in the Imposition of Mr. Castillo-Ruiz' Sentence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

C. The Written Judgment Presents No Nonfrivolous Issue . . . . . . . . . . 17

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF CITATIONS

Page

## CASES

Anders v. California, 386 U.S. 738
(1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii,6

Anderson v. Bessemer City, 470 U.S. 564
(1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13,14

United States v. Alvarez, 51 F.3d 36
(5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Booker, 543 U.S. 220
(2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Carreon, 11 F.3d 1225
(5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Escajeda, 8 F.4th 423
(5th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Hashimoto, 193 F.3d 840
(5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Johnson, 1 F.3d 296
(5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Lara-Velasquez, 919 F.2d 946
(5th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Law, 633 F.2d 1156
(5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Lima-Rivero, 971 F.3d 518
(5th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CASES- (Cont'd)

Page

United States v. McCrimmon, 443 F.3d 454
(5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12,13

United States v. Miller, 179 F.3d 961
(5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

United States v. Myers, 150 F.3d 459
(5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Reed, 682 Fed. Appx. 308
(5th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

United States v. Rodriguez, 15 F.3d 408
(5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Rodriguez-Montelongo, 263 F.3d 429
(5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Scott, 987 F.2d 261
(5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Vonn, 535 U.S. 55
(2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

STATUTES AND RULES

18 U.S.C. § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4

18 U.S.C. § 3553(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

18 U.S.C. § 3553(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

18 U.S.C. § 3553(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

18 U.S.C. § 3742 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATUTES AND RULES- (Cont'd)

Page

21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4

21 U.S.C. § 841(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4

21 U.S.C. § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4

21 U.S.C. § 952(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

21 U.S.C. § 960(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

21 U.S.C. § 960(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

21 U.S.C. § 963 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. App. P. 4(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. App. P. 32(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Fed. R. App. P. 32(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Fed. R. App. P. 32(a)(7)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Fed. R. App. P. 32(a)(7)(B)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Fed. R. Crim. P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7,8,10

Fed. R. Crim. P. 11(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Crim. P. 11(b)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Crim. P. 11(b)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

STATUTES AND RULES- (Cont'd)

Page

Fed. R. Crim. P. 11(b)(1)(D) . . . . . . . . . . 8

Fed. R. Crim. P. 11(b)(1)(E) . . . . . . . . . . 8

Fed. R. Crim. P. 11(b)(1)(F) . . . . . . . . . . 8

Fed. R. Crim. P. 11(b)(1)(G) . . . . . . . . . . 8

Fed. R. Crim. P. 11(b)(1)(H) . . . . . . . . . . 8

Fed. R. Crim. P. 11(b)(1)(I) . . . . . . . . . . 9

Fed. R. Crim. P. 11(b)(1)(J) . . . . . . . . . . 9

Fed. R. Crim. P. 11(b)(1)(K) . . . . . . . . . . 9

Fed. R. Crim. P. 11(b)(1)(L) . . . . . . . . . . 9

Fed. R. Crim. P. 11(b)(1)(M) . . . . . . . . . . 9

Fed. R. Crim. P. 11(b)(1)(N) . . . . . . . . . . 9

Fed. R. Crim. P. 11(b)(2) . . . . . . . . . . 9

Fed. R. Crim. P. 11(b)(3) . . . . . . . . . . 9

Fed. R. Crim. P. 11(c)(2) . . . . . . . . . . 9

Fed. R. Crim. P. 11(c)(3)(B) . . . . . . . . . . 9

Fed. R. Crim. P. 11(c)(4) . . . . . . . . . . 10

Fed. R. Crim. P. 11(f) . . . . . . . . . . 7

STATUTES AND RULES- (Cont'd)

Page

Fed. R. Crim. P. 32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,10,16

Fed. R. Crim. P. 32(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Fed. R. Crim. P. 32(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Fed. R. Crim. P. 32(i)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Fed. R. Crim. P. 32(i)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Crim. P. 32(i)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Crim. P. 32(i)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Crim. P. 32(i)(4)(A)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Crim. P. 32(i)(4)(A)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Crim. P. 32(j)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Crim. P. 32(j)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Crim. P. 32(j)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Crim. P. 32(k)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed. R. Crim. P. 52(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Sentencing Reform Act of 1984 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## SENTENCING GUIDELINES

Page

USSG § 3E1.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

USSG § 3E1.1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

USSG § 4C1.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked under 28 U.S.C. § 1291, as an appeal from a final judgment of conviction and sentence in the United States District Court for the Southern District of Texas, McAllen Division, and under 18 U.S.C. § 3742, as an appeal of a sentence imposed under the Sentencing Reform Act of 1984.

The judgment appealed from was re-entered on April 22, 2026, in accordance with the district court's order granting Mr. Castillo-Ruiz an out of time appeal. ROA. 182, 184. Since Mr. Castillo-Ruiz' notice of appeal was filed on April 22, 2026, this appeal is timely. *See* Fed. R. App. P. 4(b).

## STATEMENT OF THE ISSUES

ISSUE ONE: Whether there was any reversible error in the arraignment/guilty plea proceeding leading to Mr. Castillo-Ruiz' conviction.

ISSUE TWO: Whether there was any reversible error in Mr. Castillo-Ruiz' sentencing proceeding or in the sentence itself.

# STATEMENT OF THE CASE[1]

## A. Proceedings Below.

On August 24, 2021, the Grand Jury filed a four count indictment. ROA.30-32. Count One charges on or about July 29, 2021, a conspiracy to import into the United States 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance in violation of Title 21, U.S.C. §§ 963, 952(a), 960(a)(1) and 960 (b)(1). ROA.30. Count Two charges on or about July 29, 2021, a conspiracy to possess with intent to import 5 kilograms or more, that is, approximately 13.78 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance in violation of Title 21, U.S.C. §§ 952(a), 960(a)(1), 960(b)(1) and Title 18, U.S.C. §2. ROA.30-31.

Count Three charges on or about July 29, 2021, a conspiracy to possess with intent to distribute 5 kilogram or more of a mixture or substance containing a detectable amount of cocaine, a Schedule 1I controlled substance in violation of Title 21, U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). ROA.31. Count Four charges on or about July 29, 2021,a conspiracy to possess with intent to distribute 5 kilogram or more, that is, approximately 13.78 kilograms of a mixture or substance containing a

[1] References to the Record on Appeal are made as "ROA. [page number]." The presentence report ("PSR") is referenced in the following manner: PSR, ¶ [paragraph number].

detectable amount of cocaine, a Schedule 1I controlled substance in violation of Title 21, U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) and Title 18 U.S.C. § 2. ROA.31-32.

On March 22, 2022, Mr. Castillo-Ruiz plead guilty to Count Two pursuant to a written plea agreement with the government. ROA.257-258, 275. On October 22, 2024, the district court sentenced Mr. Castillo-Ruiz to: one hundred twenty (120) months; a mandatory special assessment of $100; and a five-year term of supervised release with specified conditions. ROA.184-189 [judgment]; ROA.308-309 [transcript of oral pronouncement of sentence]. On April 20, 2026, Mr. Castillo-Ruiz filed his timely notice of appeal. ROA.180. This appeal followed.

B. Statement of the Facts.

This Anders appeal arises from Mr. Castillo-Ruiz' guilty plea and sentencing. After Mr. Castillo-Ruiz plead guilty to Counts Two of the Indictment, the Probation Office scored Mr. Castillo-Ruiz at a total offense level of 32 which calls for a guideline range of imprisonment of 121-151 months, and a term of supervised release of five years. PSR ¶ 46, 49.

At the rearraignment proceeding, the magistrate judge ensured that Mr. Castillo-Ruiz understood that it was his decision whether to plead guilty or not guilty and further ensured that Mr. Castillo-Ruiz' decision to enter a plea of guilty was voluntary. See 251, 277-278. The district court determined that Mr. Castillo-Ruiz

understood: (1) the nature of the offenses to which he was pleading guilty, see ROA.251, 277-278; (2) the maximum punishment available for his offenses, see ROA.269; (3) that the district court would consider a recommended Sentencing Guidelines range from which the district court may decide to impose a more severe or less severe sentence than that recommended by the Sentencing Guidelines, see ROA.272-274, 278; (4) that he would not be allowed to withdraw his guilty plea if the sentence imposed was too harsh or if he disagreed with it, ROA.278; and (5) that, by pleading guilty, he was waiving his constitutional right to a trial, at which the government would be required to prove his guilt beyond a reasonable doubt and at which he would have the right to counsel, to cross-examine witnesses, to testify or remain silent, and to subpoena witnesses to testify in his case. See ROA.262-263. Mr. Castillo-Ruiz assured the district court that his decision to plead guilty was his voluntary decision. ROA.251, 277-278.

At re-arraignment, Mr. Castillo-Ruiz further confirmed to the district court that he read and understood the factual basis of his guilty plea. ROA.279-280. Mr. Castillo-Ruiz further confirmed that the factual basis was correct. ROA.280. Other facts relevant to this appeal are set forth in the Argument section below.

## SUMMARY OF THE ARGUMENT

When Mr. Castillo-Ruiz entered his plea of guilty, the district court substantially complied with Federal Rule of Criminal Procedure 11 and ensured that his guilty plea was informed, free, and voluntary. Any arguable deviation from Rule 11's requirements, if any, does not amount to harmful, much less plain error requiring reversal of Mr. Castillo-Ruiz' conviction.

There is also no basis for reversal of Mr. Castillo-Ruiz' sentence. The record does not reflect that the district court erroneously applied the sentencing guidelines or calculated the sentence, and the sentence Mr. Castillo-Ruiz received was actually the statutory mandatory minimum. Furthermore, the district court for the most part complied with the requirements of Fed. R. Crim. P. 32 and other applicable statutes, and, to the extent it did not, those deviations were harmless. Therefore, there was likewise no reversible procedural error in sentencing Mr. Castillo-Ruiz.

Accordingly, because no nonfrivolous issues for appeal are presented for review by this Court, counsel moves to withdraw, pursuant to Anders v. California, 386 U.S. 738 (1967).

## ARGUMENT

ISSUE ONE RESTATED: There was no reversible error in Mr Castillo-Ruiz' plea hearing.

A. Standard of Review.

The determination whether the requirements of Federal Rule of Criminal Procedure 11 are satisfied is a conclusion of law and is therefore subject to de novo review. See United States v. Scott, 987 F.2d 261, 264 (5th Cir. 1993). A district court's finding that there is an adequate factual basis for a plea of guilty, as required by Fed. R. Crim. P. 11(f), is reviewed under the clearly erroneous standard. See United States v. Escajeda, 8 F.4th 423, 426 (5th Cir. 2021).

Before this Court, however, will vacate a guilty plea, the Court must find both (1) that the district court varied from the procedures required by Rule 11; and (2) if so, that the variance affected the substantial rights of the defendant. See, e.g., United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc). Finally, where a claim of noncompliance with the requirements of Rule 11 is raised for the first time on appeal, it is subject only to review for plain error under Fed. R. Crim. P. 52(b). See United States v. Vonn, 535 U.S. 55, 59 (2002); see also id. at 62-74.

B. There Was No Reversible Error in Mr. Castillo-Ruiz' Re-Arraignment/Guilty Plea Colloquy.

For the most part, the district court complied with the requirements of Federal Rule of Criminal Procedure 11, as set forth in the immediately following table:

| REQUIRED ADMONITION OR DETERMINATION | WHERE IN RULE? | WHERE IN RECORD? |
|---|---|---|
| That statements made under oath in plea proceeding may be used by the government in a prosecution for perjury or false statement | Fed. R. Crim. P. 11(b)(1)(A) | ROA.246 |
| That defendant may plead not guilty or may persist in his previous plea of not guilty | Fed. R. Crim. P. 11(b)(1)(B) | ROA.259 |
| That defendant has the right to a jury trial | Fed. R.Crim. P. 11(b)(1)(C) | ROA.259 |
| That defendant has the right to be represented by counsel, and if necessary, to have the court appoint counsel, at trial and every other stage of the proceeding | Fed. R. Crim. P. 11(b)(1)(D) | ROA.260 |
| That defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses | Fed. R. Crim. P. 11(b)(1)(E) | ROA.259-263 |
| That defendant waives these trial rights if the court accepts his guilty plea | Fed. R. Crim. P. 11(b)(1)(F) | ROA.262-263 |
| Nature of the charge(s) to which defendant is pleading | Fed. R. Crim. P. 11(b)(1)(G) | ROA.307 |
| Maximum possible penalty, including imprisonment, fine, and term of supervised release | Fed. R. Crim. P. 11(b)(1)(H) | ROA.269 |

| | | |
|---|---|---|
| Any mandatory minimum penalty | Fed. R. Crim. P. 11(b)(1)(I) | ROA.269 |
| Any applicable forfeiture | Fed. R. Crim. P. 11(b)(1)(J) | N/A |
| The court's authority to order restitution | Fed. R. Crim. P. 11(b)(1)(K) | N/A |
| The court's obligation to impose a special assessment | Fed. R. Crim. P. 11(b)(1)(L) | ROA.269 |
| The court's obligation to consider advisory Sentencing Guildines, and court's discretion to depart or sentence outside guidelines range. | Fed. R. Crim. P. 11(b)(1)(M) as modified by U.S. v. Booker, 543 U.S. 220 (2005) | ROA.272-274, 278 |
| The terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence | Fed. R. Crim. P. 11(b)(1)(N) | N/A |
| That the defendant's plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement) | Fed. R. Crim. P. 11(b)(2) | ROA.251, 277-278 |
| That there is a factual basis for the plea | Fed. R. Crim. P. 11(b)(3) | ROA.279-280 |
| Disclosure of the plea agreement in open court | Fed. R. Crim. P. 11(c)(2) | N/A |
| That if Government agrees to recommend or not to oppose request for particular sentence, advise that defendant has no right to withdraw plea if recommendation or request is rejected | Fed. R. Crim. P. 11(c)(3)(B) | N/A |

| | | |
|---|---|---|
| That if Government agrees to not bring or to dismiss other charges, or Government agrees to a particular sentence, and the court accepts agreement, advise that the agreed dispositions will be in the judgment | Fed. R. Crim. P. 11(c)(4) | N/A |

The district court, in sum, substantially complied with the requirements of Fed. R. Crim. P. 11 as outlined above. Because the record does not reflect a reversible Rule 11 error in the taking of Mr. Castillo-Ruiz' guilty plea, and because the record reflects that his guilty plea was knowingly, understandingly, and voluntarily made, no basis for the reversal of Mr. Castillo-Ruiz' conviction appears in the record.

ISSUE TWO RESTATED: The district court did not reversibly err in sentencing Mr. Castillo-Ruiz.

A. Standard of Review.

A district court's compliance with the procedures of Federal Rule of Criminal Procedure 32 is reviewed de novo. See, e.g., United States v. Myers, 150 F.3d 459, 465 (5th Cir. 1998). "How the Guidelines are to be interpreted is a question of law, which [this Court] review[s] de novo. However, factual findings under the Guidelines are reviewed only for clear error." United States v. Carreon, 11 F.3d 1225, 1230 nn.10, 11 (5th Cir. 1994) (citing United States v. Lara-Velasquez, 919 F.2d 946, 953 (5th Cir. 1990)). If a defendant fails to object in the district court, this Court reviews the sentence only for plain error. See, e.g., United States v. Rodriguez, 15 F.3d 408,

414 (5th Cir. 1994). Neither the extent of a downward departure, nor the district court's discretionary refusal to depart downward, is reviewable on appeal. See, e.g., United States v. Rodriguez-Montelongo, 263 F.3d 429, 431 (5th Cir. 2001) (refusal to depart); United States v. Hashimoto, 193 F.3d 840, 843 (5th Cir. 1999) (citing United States v. Alvarez, 51 F.3d 36, 41 (5th Cir. 1995), on extent of departure).

B. There Are No Meritorious Challenges to Mr. Castillo-Ruiz' Sentence.

1. The Record does not Reflect Substantive Error in the Calculation of Mr. Castillo-Ruiz' Sentence.

Any error in the sentence calculation would be reviewable only for plain error to the extent Mr. Castillo-Ruiz did not object. However, the record does not reflect that there was any error in the sentence calculation, plain or otherwise.

The probation office applied the 2023 edition of the Guidelines Manual. PSR ¶ 17. In calculating Mr. Castillo-Ruiz' sentence, the probation office correctly began with a base offense level of 36. PSR ¶ 18. The probation office then applied a two level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), (PSR ¶ 24) and an additional two level reduction for being a zero point offender under U.S.S.G. § 4C1.1. PSR ¶ 25. The district court granted an additional level reduction under U.S.S.G. § 3E1.1(b) because Mr. Castillo-Ruiz assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of

the intention to enter a plea of guilty. PSR ¶ 46, ROA.308.

A total offense level of 31, coupled with Mr. Castillo-Ruiz' correctly calculated criminal history category of I, produced a guideline imprisonment range of 108-135. PSR ¶ 46. The district court sentenced Mr. Castillo-Ruiz to the mandatory minimum term of 120 months, a sentence below the midpoint of the applicable imprisonment range. ROA.308; PSR ¶ 46. The district court further ordered: a five year period of supervised release; that Mr. Castillo-Ruiz not possess a firearm, ammunition, destructive device, or any other dangerous weapon; that Mr. Castillo-Ruiz cooperate in the collection of DNA; and a $100 special assessment. ROA.308. Mr. Castillo-Ruiz' five year supervised release term is also within both the correct guideline supervised release range and the statutory maximum supervised release term. See PSR ¶ 49, 51.

Mr. Castillo-Ruiz's qualification for the safety valve was the only issue of contention at sentencing. ROA. 293. A defendant seeking safety valve relief bears the burden of proving that by the time of sentencing he had truthfully provided the Government all information and evidence he possessed concerning the offense and related conduct. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). This Court reviews a district court's factual determination on that issue for clear error. *United States v. Miller*, 179 F.3d 961, 963 (5th Cir. 1999). A finding is not clearly

erroneous if it is plausible in light of the record as a whole. *Anderson v. Bessemer City,* 470 U.S. 564, 574 (1985).

At sentencing, the district court heard testimony from Homeland Security Investigations Special Agent Nicklos Stot who testified that Mr. Castillo-Ruiz admitted upon arrest that he had smuggled cocaine loads weekly for several months and did not claim that anyone had coerced or threatened him. ROA.299-300. During his subsequent debriefing, however, Mr. Castillo-Ruiz materially changed his account. ROA.296. Mr. Castillo-Ruiz claimed that he only smuggled narcotics four times prior to his arrest and that he did so because he was threatened. ROA.296, 304-305. The district court credited Agent Stot's testimony and found that these conflicting accounts demonstrated Mr. Castillo-Ruiz had not truthfully disclosed all relevant information. ROA.308.

That finding was supported by the specific testimony of Agent Stot and is not based on speculation or conjecture. <u>See United States v. Lima-Rivero</u>, 971 F.3d 518, 523 (5th Cir. 2020). This Court has accordingly upheld the denial of safety-valve relief when an agent's testimony established that a defendant was evasive or gave answers inconsistent with corroborated information. <u>United States v. McCrimmon</u>, 443 F.3d 454, 457 (5th Cir. 2006).

In the case at bar, the record supports the district court's finding that

Defendant's accounts differed on two central matters: the frequency of his cocaine-smuggling activity and whether threats caused his participation. Those inconsistencies provided a sufficient factual basis for the district court's credibility determination and its finding that Defendant had not carried his burden for safety valve qualification. Because that finding was plausible on this record, the Fifth Circuit would not disturb it merely because the evidence might permit a different view. Anderson v. Bessemer City, 470 U.S. 564, 574 (1985). Accordingly, the record does not support a non-frivolous basis to challenge the denial of the safety valve.

2. There Was No Reversible Procedural Error in the Imposition of Mr. Castillo-Ruiz' Sentence.

For the most part, the district court also complied with the relevant procedural requirements of sentencing, as set forth in the immediately following table:

| REQUIREMENT | SOURCE OF REQUIREMENT | WHERE IN RECORD? |
|---|---|---|
| Notice of possibility of departure on ground not identified in PSR or prehearing submissions by parties | Fed. R. Crim. P. 32(h) | N/A |
| Verify that the defendant and the defendant's attorney have read and discussed the PSR and any addendum | Fed. R. Crim. P. 32(i)(1)(A) | See discussion below. |

| | | |
|---|---|---|
| Give the defendant a written summary of – or summarize in camera – any information excluded from the PSR on which court will rely at sentencing and give defendant a reasonable opportunity to comment | Fed. R. Crim. P. 32(i)(1)(B) | N/A |
| Allow defendant's attorney to comment on probation officer's determinations and other matters relating to an appropriate sentence | Fed. R. Crim. P. 32(i)(1)(C) | ROA.293-304 |
| For any disputed portion of the PSR or other controverted matter, rule on the dispute or determine that a ruling is not necessary | Fed. R. Crim. P. 32(i)(3)(B) | ROA.303 |
| Allow defendant's attorney to speak on defendant's behalf | Fed. R. Crim. P. 32(i)(4)(A)(i) | ROA.293-304 |
| Address defendant personally in order to allow him to speak on his own behalf (allocution) | Fed. R. Crim. P. 32(i)(4)(A)(ii) | ROA.304-307 |
| Advise defendant of his right to appeal his conviction and sentence, and to do so in forma pauperis if necessary | Fed. R. Crim. P. 32(j)(1)(A)-(C) | See discussion below. |
| Judgment correctly sets forth the plea or verdict, adjudication of guilt, and sentence | Fed. R. Crim. P. 32(k)(1) | Compare ROA.184-189 with ROA.308 |
| State in open court the reasons for the imposition of the particular sentence | 18 U.S.C. § 3553(c) | ROA.308 |
| If the applicable Guidelines range exceeds 24 months, state the reason for imposing a sentence at a particular point within the range | 18 U.S.C. § 3553(c)(1) | N/A |

| | | |
|---|---|---|
| If a departure sentence is imposed, state the specific reason for such departure | 18 U.S.C. § 3553(c)(2) | N/A |

The record does not reflect that the district court verified that defendant and counsel read and discussed the PSR as required by Fed. R. Crim. P. 32(e)(2). However, in the absence of the record showing an objection to this error, it is difficult to see how the district court's error to so advise could have prejudiced him. See United States v. Law, 633 F.2d 1156, 1157 (5th Cir. 1981); U.S. v. Reed, 682 Fed. Appx. 308, 309 (5th Cir. 2017). This is so because: (1) the district court sentenced Defendant to the mandatory statutory minimum of 120 months; (2) the district court sufficiently addressed the only contested sentencing issue–safety valve qualification (ROA.155); and (3) the contents of the PSR was not significant for sentencing purposes; what was significant was the safety valve qualification–which the district court sufficiently addressed. Accordingly, the district court's Rule 32 error to verify that Defendant and counsel read and discussed the PSR does not present a nonfrivolous issue on appeal.

The record also does not reflect that the district court advised Defendant of his right to appeal. ROA.143, 308-309. Since the district court granted Defendant an out of time appeal (ROA.161-162), that error has been cured. Accordingly, the district court's Rule 32 error of failing to advise Defendant of his right to appeal does not

present a nonfrivolous issue on appeal.

C. The Written Judgment Presents No Nonfrivolous Issue

The undersigned counsel has compared the sentence orally pronounced at the sentencing hearing (ROA.308) with the written judgment signed on October 29, 2024. ROA.184-189. The written judgment accurately reflects the oral sentence pronouncement made by the district court at sentencing. After examining the complete sentence and judgment, counsel found no nonfrivolous issue with respect to the written judgment.

## CONCLUSION

After examining the facts of the case in light of the applicable law, it is the opinion of counsel on appeal that there is no basis for presenting any legally nonfrivolous issue.

Respectfully submitted,

s/Derly Joel Uribe
DERLY JOEL URIBE
Saldana Law P.L.L.C.
Attorney for Appellant
217 W. Village Blvd., Suite 3
Laredo, Texas 78041
Telephone: (956) 726-1631
Fax: (956) 726-4158

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has reasonably attempted to communicate in a manner and a language understood by defendant that: (i) the undersigned has fully examined the record and reviewed the relevant law and there are no meritorious issues for appeal; (ii) the undersigned has therefore moved to withdraw; (iii) that if granted, the motion will result in dismissal of the appeal; but (iv) defendant has the right to file a response opposing the undersigned's counsel's motion within 30 days, in English.

I further hereby certify that a copy of the above and foregoing document was served on the U.S. Attorney's Office via ECM electronic mail on October 13, 2026 to those attorneys receiving service via ECM automatically. I further hereby certify that a copy of the above and foregoing document was served to the below named defendant at the below stated address via certified mail, return receipt requested:

Aaron Castillo-Ruiz
Register No. 57812-509
Coastal Bend Detention Center
4909 RN 2826
Robstown, TX 78380

s/Derly J. Uribe
Derly Joel Uribe

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 3,446 number of words or less, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Corel WordPerfect Office X5 in Times New Roman 14 point font in text and Times New Roman 12 point font in footnotes.

s/Derly Joel Uribe
DERLY JOEL URIBE
Attorney for Appellant
Dated: October 13, 2026